# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ADOLPH HILL,**

        **Plaintiff,**

  v.                              Case No. 04-C-0831

**CITY OF RACINE,
DANIEL M. TREDO,
SGT. SCHULZ,
STATE FARM INSURANCE COMPANY, and
AMERICAN FAMILY INSURANCE COMPANY,**

        **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Adolph Hill brings this § 1983 action alleging that City of Racine police officer Daniel Tredo deprived him of due process and equal protection when he responded to an automobile accident in which plaintiff was involved. Plaintiff also names as defendants Officer Scott Schulz, who was Tredo's supervisor, the City of Racine and two insurance companies. The officers and the City now move to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted.

### I. FACTS

Plaintiff alleges that in December 2001, while driving, he passed an illegally parked car owned by Alexis Skirmuntas. As he passed, a passenger in the parked car, Becky Ayala, negligently opened the rear door causing plaintiff to become involved in an accident. Tredo investigated the incident but did not cite or arrest Ayala or Skirmuntas. Schulz supported Tredo's handling of the matter. By failing to cite or arrest Ayala or Skirmuntas, plaintiff contends that defendants discriminated against him preventing him from obtaining a large settlement for the injuries he sustained as the result of the accident.

## II. DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1). However, plaintiff alleges that defendants violated a federal statute, 42 U.S.C. § 1983. Therefore, I have federal question jurisdiction. See 28 U.S.C. § 1331.

Defendants also move for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that plaintiff fails to state a claim on which relief may be granted. I evaluate the motion using the standard applicable to motions under Fed. R. Civ. P. 12(b)(6), Guise v. BWM Mortg., LLC, 377 F.3d 795, 798 (7th Cir. 2004), and may dismiss only if it is clear that plaintiff can prove no set of facts in support of his claims that would entitle him to relief, Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). I must assume that all of plaintiff's allegations are true and draw all reasonable inferences flowing from them in the light most favorable to him. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

I first discuss plaintiff's due process allegation. It is unclear whether plaintiff refers to substantive or procedural due process, but in either case, his claim fails. In order to state a claim for the denial of substantive due process, plaintiff must show that the officers denied him a fundamental right. The Supreme Court has been reluctant to expand the scope of substantive due process protection beyond "matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 272 (1994). Plaintiff cites no authority for the proposition that he had a fundamental right to have the officers cite or arrest Ayala or Skirmuntas, and I know of none. Therefore, any substantive due process claim fails. Cf. Deshaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 200

(1989) (rejecting substantive due process claim based on asserted right to state protection from private wrong-doing).

In order to establish a violation of procedural due process, the plaintiff must first have a liberty or property interest afforded the protection provided by the Fourteenth Amendment. "To have a property interest in a benefit, a person . . . must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Bd. of Regents v. Roth, 408 U.S. 564, 571, 577 (1972). Moreover, a "benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzales, 125 S. Ct. 2796 (2005). Once the plaintiff establishes that a property or liberty interest is protected by the Fourteenth Amendment, he must show that he was deprived of this liberty or property without having been given notice and an opportunity to be heard prior to the deprivation. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).

Plaintiff cites no authority for the proposition that he had a liberty or property interest in having the officers arrest or cite Ayala or Skirmuntas, and I know of none. The decision to cite or arrest is generally a matter of police discretion. Cf. Town of Castle Rock, 125 S. Ct. 2796 (finding no property right in having police enforce domestic abuse restraining order). Nor did plaintiff have a liberty or property interest in obtaining a large insurance settlement. Finally, even if plaintiff had some protected liberty or property interest, he does not allege that he was deprived of it without notice and an opportunity to be heard. Thus, plaintiff was not deprived of procedural due process.

Plaintiff also alleges that in failing to issue a citation or make an arrest, defendant Tredo was motivated by race and that as a result plaintiff was denied equal protection of the

law.[1] He further alleges that Tredo acted out of bias and prejudice against him, depriving him of equal protection. A state actor denies equal protection when he intentionally discriminates against a person because of his race. The selective withdrawal of police protection based on race "is the prototypical denial of equal protection." Hilton v. City of Wheeling, 209 F.3d 1005, 1007 (7th Cir. 2000). It may also be a denial of equal protection to withdraw police protection out of sheer malice. Hilton, 209 F.3d at 1007 (citing Village of Willowbrook v. Olech, 528 U.S. 562 (2000)). But cf. Tuffendsam v. Dearborn County Bd. of Health, 385 F.3d 1124, 1128 (7th Cir. 2004).

Although plaintiff's complaint is extremely thin on facts supporting his claim of discrimination, at this stage of the proceeding he need not produce facts that would be essential to support a decision on the merits. Bennett v. Schmidt, 153 F.3d 516, 517 (7th Cir. 1998); see also American Nurses' Ass'n v. Illinois, 783 F.2d 716, 727 (7th Cir. 1986) (stating that a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing). "A complaint may not be dismissed unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.'" Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69 (1984)). Because I cannot say at this point that plaintiff could produce no set of facts that would enable him to prevail on his equal protection claim against Tredo, I cannot grant Tredo's motion to dismiss with respect to this claim.

Plaintiff contends that by finding no fault with Tredo's conduct, Schulz also deprived him of equal protection. "Liability under § 1983 must be premised on personal involvement

---

[1] The basis for plaintiff's claim of discrimination in not clear in the complaint. However, in subsequent submissions he clarifies that his complaint is based on race. In evaluating a motion to dismiss, a court may consider new facts contained in later briefs or pleadings so long as they are consistent with the complaint. See Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir. 1994).

in the deprivation of the constitutional right, not vicarious liability." Payne v. Churchich, 161 F.3d 1030, 1042 n.15 (7th Cir. 1998); see also McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982). However, "supervisory liability can be established if the conduct causing the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent." Nanda v. Moss, No. 04-1641, 2005 U.S. App. LEXIS 12702, at *13 (7th Cir. June 27, 2005) (citing Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988) (finding that supervisor liability for constitutional torts will attach where a supervisor knows about the alleged conduct and facilitates it, approves it, condones it, or turns a blind eye for fear of what he or she might see). In the present case, the record is insufficiently developed for me to determine what level of involvement Schulz had in condoning or approving what Tredo did that might create § 1983 liability. Therefore, at this stage at least, Schulz's motion must be denied.

However, the City of Racine's motion to dismiss must be granted. A municipality cannot be held responsible for the conduct of its individual officers unless such conduct is meant to execute a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York Department of Social Services, 436 U.S. 658, 690-691 (1978). In order to be able to sue Racine for the actions of its individual officers, plaintiff must claim that such actions are the product of an official municipal policy or decision. Latuszkin v. City of Chicago, 250 F.3d 502, 504 (7th Cir. 2001). Plaintiff has made no such allegation.

### III. CONCLUSION

For reasons stated above,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for failure to state a claim is **GRANTED** as to defendant City of Racine.

**IT IS FURTHER ORDERED** that Schulz and Tredo's motion to dismiss for failure to state a claim is **GRANTED** as to plaintiff's due process claim and **DENIED** as to plaintiff's equal protection claim.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2005.

BY THE COURT:

S/Lynn Adelman
LYNN ADELMAN
U.S. District Judge