UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ADOLPH HILL,**
        **Plaintiff,**

        v.                                    Case No. 04C0831

**DANIEL M. TREDO,**
**TODD SCHULZ,**
**STATE FARM INSURANCE COMPANY**
**and AMERICAN FAMILY INSURANCE COMPANY,**[1]
        **Defendants.**

## ORDER

On September 2, 2004, plaintiff filed a complaint alleging that defendants conspired to deny his due process and equal protection rights. On October 19, 2004, defendants Daniel M. Tredo and Todd Schulz filed a motion to dismiss for lack of subject matter jurisdiction and because plaintiff failed to state a claim on which relief may be granted. On January 12, 2005, plaintiff filed a "motion to amend complaint and objection to defendant's [sic] American Family Mutual Insurance Company and State Farm Insurance Company's 'Answers and Affirmative Defenses.'" On July 13, 2005, I granted in part and denied in part defendants' motion to dismiss. This order addresses plaintiff's motion to amend the complaint.

Rule 15(a) states that, after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

---

[1]The City of Racine was also named as a defendant. On July 13, 2005, I granted the City of Racine's motion to dismiss and dismissed the City of Racine from this case. I have amended the caption accordingly.

leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Plaintiff seeks to amend his complaint to state additional facts. Plaintiff's motion to amend was timely filed and defendants' will not be prejudiced by my granting the motion at this stage in the litigation. Thus, justice requires that I grant plaintiff's motion to amend his complaint insofar as it states supplemental facts. Defendants may, but will not be required to, file an answer to the amended portion of the complaint.

Plaintiff also seeks "to amend his complaint as to dismiss the defendants [sic] objections as both moot and frivolous." Whether defendants' arguments are moot and frivolous is an issue properly decided through dispositive motions, rather than through a motion to amend the complaint. Thus, insofar as plaintiff's motion seeks to dismiss defendants' objections, I will deny plaintiff's motion. For the reasons stated,

**IT IS ORDERED THAT** plaintiff's motion to amend his complaint is **GRANTED** to the extent it states supplemental facts and **DENIED** to the extent it seeks to dismiss defendants' objections.

Dated at Milwaukee, Wisconsin, this 16 day of August, 2005

/s_____
LYNN ADELMAN
District Judge