UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ADOLPH HILL**
       **Plaintiff,**

    v.                                     Case No. 04C0831

**DANIEL M, TREDO, SGT. TODD SCHULZ,
STATE FARM INSURANCE COMPANY, and
AMERICAN FAMILY INSURANCE COMPANY,**
       **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Adolph Hill brings this § 1983 action alleging that City of Racine police officer Daniel Tredo deprived him of due process and equal protection when he responded to an automobile accident in which plaintiff was involved. Plaintiff also names as defendants Officer Todd Schulz, who was Tredo's supervisor and two insurance companies. Presently before the court is Daniel Tredo's and Todd Schulz's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

With respect to summary judgment motions in pro se litigation, the Civil Local Rules provide:

Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation

(a)    If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

    (1)    The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

> (2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.
>
> (b) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

Civil L.R. 56.1(a) (E.D. Wis.).

Defendants' motion for summary judgment contains the "short and plain statement" required by the Civil Local Rules, as well as a copy of the text of Federal Rule of Civil Procedure 56(e) and (f), and Civil Local Rules 56.1 and 7.1. However, defendants did not include a copy of the text of Civil Local Rule 56.2 which specifies the additional practices that all parties must follow when bringing and responding to motions for summary judgment including the submission of proposed findings of fact.

In this case, defendants filed their proposed findings of fact but did not notify plaintiff of the consequences of failing to file a response to those proposed findings. See Civil Local Rule 56.2(e) ("In deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed findings of fact to which no response is set out."). I also note that plaintiff claims he did not receive complete copies of defendants' findings of fact.

Based on defendants' failure to comply with the Civil Local Rules, their motion for summary judgment will be denied without prejudice. Defendants may renew their motion for summary judgment, without refiling it, by providing plaintiff with the notice required in the Civil Local Rules.

For the foregoing reasons,

2

**IT IS ORDERED** that defendants' motion for summary judgment is **DENIED WITHOUT PREJUDICE**. Defendants may renew their motion for summary judgment, without refiling it, by providing plaintiff with the notice required in the Civil Local Rules within fourteen (14) days of the date of this order.

**IT IS FURTHER ORDERED** if defendants properly renew their motion for summary judgment, plaintiff must file a response within thirty (30) days of service of the motion in accordance with Civil Local Rule 56.2.

Dated at Milwaukee, Wisconsin this 26 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge